LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

YI CHEN,
*on behalf of himself and FLSA Collective Plaintiffs*,

                    Plaintiff,

  v.

WAVERLY EASTERN BROOKLYN INC., LIAB O CHENG, and MICHAEL CHEN,

                    Defendants.

Case No.:

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, YI CHEN (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, WAVERLY EASTERN BROOKLYN INC. ("Waverly Eastern" or "Corporate Defendant"), LIAB O CHENG, and MICHAEL CHEN ("Individual Defendants," and together with Corporate Defendant, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from

Defendant: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343.

3. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, YI CHEN, is a resident of Kings County, New York.

5. Corporate Defendant WAVERLY EASTERN BROOKLYN INC. is a domestic business corporation organized under the laws of New York State and registered in New York State to do business, doing business as "Waverly Eastern Laundromat" or "Waverly Wu Laundry" with a principal place of business located at 353 Waverly Avenue, Brooklyn, New York 11238. Corporate Defendant WAVERLY EASTERN BROOKLYN INC. is the corporate entity that owns and operates the Waverly Eastern Laundromat.

6. Corporate Defendant operates a single location with at least 22 employees, including 5 laundry delivery persons and 17 other laundry workers.

7. Individual Defendant LIAB O CHENG is the Chief Executive Officer of Corporate Defendant, WAVERLY EASTERN BROOKLYN INC. Individual Defendant LIAB O CHENG is the individual who holds the license to own and operate the laundromat located at 353 Waverly Avenue, Brooklyn, New York 11238. Individual Defendant LIAB O CHENG is responsible for setting company policies and has actual control and responsibility over all of the laundromat's compliance and adherence to laws as well as setting pay rates for employees.

8. Each Individual Defendant exercised control over the terms and conditions of

Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and FLSA Collective Plaintiffs, each Individual Defendant exercised his power to (i) hire and fire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiff was hired and gave his notice of resignation to Individual Defendants. At all relevant times, employees of Waverly Eastern Laundromat could complain to Individual Defendants directly regarding any of the terms of their employment, and Individual Defendants would have the authority to effect any changes to the quality and terms of employees' employment. Individual Defendants directly reprimanded any employee who did not perform his or her duties correctly. Individual Defendants exercised functional control over the business and financial operations of the Corporate Defendant. Individual Defendants exercised control over the terms and conditions of employment of Plaintiff and FLSA Collective Plaintiffs and could reprimand them at will.

9. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

10. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons, including, but not limited to laundry workers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have

been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

13. At all relevant times, Defendants unlawfully failed to pay Plaintiff and FLSA Collective Plaintiffs the federal minimum wage for all hours worked.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first-class mail to the last address known to Defendants.

## STATEMENT OF FACTS

15. Plaintiff, YI CHEN, was hired by Defendants and/or their predecessors sometime in April 2016 to work as a laundry delivery person at Defendants' laundromat located at 353 Waverly Ave., Brooklyn, New York 11238. Plaintiff worked for Defendants until on or about November 19, 2017.

16. Plaintiff's primary duties were to pick up dirty laundry from customers, drop off dirty laundry at Defendants' laundromat, and deliver the clean laundry to customers.

17. During this period, Plaintiff was paid a fixed salary of $77 per day, no matter how many hours he actually worked. There was no agreement that his fixed salary covered his overtime hours.

18. Throughout his employment, Plaintiff was required to work five days per week from 7:30 A.M. to 9:00 P.M. (or 10:00 PM as needed), for a total of 67.5 and up to 72.5 hours a week.

19. Plaintiff received his payment all in cash from his start of employment in April 2016 until January 2017. Plaintiff received his payment by personal check from January 2017 until the end of his employment on or around November 19, 2017.

20. Defendants unlawfully failed to pay Plaintiff and FLSA Collective Plaintiffs the federal minimum wage for all hours worked.

21. Despite working more than forty hours each week, Plaintiff was not paid any overtime premiums. Furthermore, there was never any agreement or understanding that his fixed salary was intended to include overtime premiums.

22. Defendants unlawfully failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation at a one and one-half times the federal minimum wage for hours they worked over 40 in a workweek.

23. Defendants failed to keep track of the daily totals of tips received by Plaintiff and FLSA Collective Plaintiffs, and also failed to keep the proper employment records required under the FLSA.

24. Defendants did not allow Plaintiff to keep all of his tips earned, and retained for themselves three percent of Plaintiff's tips.

25. Defendants did not implement a clock-in/clock-out system for their employees. At all relevant times, Plaintiff and FLSA Collective Plaintiffs were not given access to a record of their hours worked per workweek.

26. Despite regularly working in excess of forty (40) hours per week, Plaintiff did not receive proper overtime pay at a rate of one and one-half times his regular hourly rate during his

employment by Defendants, as required under the FLSA.

27. Based on his observations and conversations with other employees, all FLSA Collective Plaintiffs similarly did not receive all due overtime payments.

28. Due to Defendants' FLSA violations, Plaintiff and FLSA Collective Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the FLSA.

29. At all relevant times, Plaintiff and FLSA Collective Plaintiffs were required to comply with Defendants' instructions as to when, where, and how to carry out their work, including the order of the pickups and deliveries. Defendants instructed Plaintiff and FLSA Collective Plaintiffs on the time, location, and manner in which all deliveries must be made.

30. At all relevant times, Plaintiff's and FLSA Collective Plaintiffs' full-time work schedules were set by Defendants. All FLSA Collective Plaintiffs were subject to the same employment policies under Defendant.

31. Plaintiff and FLSA Collective Plaintiffs did not have authority to hire substitutes to make deliveries on their behalf, nor were they permitted to discharge their duties to other designees. Plaintiff and FLSA Collective Plaintiffs were required to render delivery services personally.

32. All facilities containing the goods delivered by Plaintiff and FLSA Collective Plaintiffs during their employment were maintained by Corporate Defendant. However, Plaintiff and FLSA Collective Plaintiffs were required to purchase, repair, refuel, and maintain their vehicles. Because Plaintiff and FLSA Collective Plaintiffs were not paid the statutorily required minimum wage and overtime pay, the expenses of vehicle purchase, repair, fuel, and

maintenance costs cut further into their statutory minimum wage and overtime premium pay entitlements.

33. With respect to Plaintiff, his vehicle cost was $12,000. The average annual cost for repair and maintenance (including insurance, registration, inspections, tolls, and other expenses) was approximately $2,400. The average weekly fuel costs were $150. FLSA Collective Plaintiffs suffered similar costs.

34. At all relevant times, Defendants operated their business with a policy of not properly reimbursing Plaintiff and FLSA Collective Plaintiffs for their vehicle costs, travel expenses, fuel expenses, and out-of-pocket expenses for tools of the trade.

35. Defendants failed to reimburse Plaintiff and FLSA Collective Plaintiffs for their vehicle costs, travel expenses, fuel expenses, and out-of-pocket expenses for tools of the trade.

36. At all relevant times, Defendants unlawfully failed to pay Plaintiff and FLSA Collective Plaintiffs the federal minimum wage for all hours worked.

37. Defendants knowingly and willfully operated their businesses with a policy of not paying the federal minimum wage to Plaintiff and FLSA Collective Plaintiffs for all hours worked.

38. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) to Plaintiff and FLSA Collective Plaintiffs for hours worked over 40 in a workweek.

39. Defendant unlawfully failed to pay Plaintiff and FLSA Collective Plaintiffs the statutorily mandated overtime rate of time and one-half for all hours worked in excess of 40 hours per week.

40. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff and FLSA

Collective Plaintiffs in this litigation, and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff realleges and incorporates Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

44. Upon information and belief, at all relevant times Corporate Defendant had gross revenues in excess of $500,000.

45. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked per workweek.

46. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs the statutory minimum wage for their hours worked per workweek.

47. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek pursuant to the FLSA.

48. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime

compensation at the statutory overtime rate for hours worked in excess of forty hours per workweek pursuant to the FLSA.

49. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs, are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory minimum wage for all hours worked when Defendants knew or should have known such was due.

51. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

52. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for expenses incurred relating to tools of the trade.

53. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

54. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to recover liquidated damages pursuant to the FLSA.

55. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, and unreimbursed expenses of tools of trade, plus an equal amount as liquidated damages.

56. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant relief as follows:

a. A preliminary and permanent injunction to prohibit Defendants from violating the Fair Labor Standards Act;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. Appropriate equitable and injunctive relief to remedy Defendants' violations of federal law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of unpaid minimum and overtime wages due under the FLSA;

f. An award of unreimbursed expenses for tools of the trade;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful

failure to pay the proper minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. An award of statutory penalties, and prejudgment and post-judgment interest;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, demands a trial by jury on all issues so triable as of right by jury.

Dated: March 22, 2019

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

By: */s/ C.K. Lee*
      C.K. Lee, Esq. (CL 4086)